IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE (Joliet) |
| | ) | |
| Joan Marie Richey, | ) | CASE NO. 04-29004 BWB |
| | ) | |
| Debtor | ) | JUDGE BRUCE W. BLACK |
| | ) | |

## FINAL REPORT CHECK LIST

THE FOLLOWING ITEMS ARE INCLUDED IN THE TRUSTEE'S FINAL REPORT PACKAGE:

1. Trustee Final Report w/all exhibits attached.   Y  N

2. Final Report Summary Sheet.   Y  N

3. All pending professional's applications for compensation if not included in Final Report   Y  N

4. All disbursements orders.   Y  N

5. Cumulative 180 day report through date of Final Report if not part of Final Report.   Y  N

6. Notice of Final Hearing.   Y  N

DATE: June 23, 2008

/s/ DEBORAH K. EBNER, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE (Joliet) |
| | ) | |
| Joan Marie Richey, | ) | CASE NO. 04-29004 BWB |
| | ) | |
| Debtor | ) | JUDGE BRUCE W. BLACK |
| | ) | |

### TRUSTEE'S FINAL REPORT

To:   THE HONORABLE
      BANKRUPTCY JUDGE BRUCE W. BLACK

NOW COMES DEBORAH K. EBNER, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

1. DEBORAH K. EBNER was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on August 5, 2004. Thereafter, the Trustee was appointed and an order for relief under Chapter 7 was entered. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2. The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee filed an adversary proceeding docketed with this Court as Case No. 06-1560 to, among other things, revoke the Debtor's discharge and recover post-petition transfers (the "Adversary"). On July 2, 2007, this Court entered an order approving a settlement. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of June 5, 2008 is as follows:
   a. RECEIPTS (See Exhibit C)                                    23,118.23
   b. DISBURSEMENTS (See Exhibit C)                                  217.31
   c. NET CASH available for distribution                         22,900.92

    d.    TRUSTEE/PROFESSIONAL COSTS

        1.    Trustee compensation requested                                               0.00

        2.    Trustee Expenses                                             1,153.83

        3.    Compensation requested by attorney or other professionals for trustee       400.00

5.   The Bar Date for filing unsecured claims expired on May 2, 2006.

6.   All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a.    Allowed unpaid Exemptions(auto)                             1,200.00

    b.    Chapter 7 Administrative and 28 U.S.C. §1930 Claims     1,703.83

    c.    Allowed Chapter 11 Administrative Claims                     0.00

    d.    Allowed Priority Claims                                         0.00

    e.    Allowed Unsecured Claims                                     22,825.46

7.   Trustee proposes that unsecured creditors receive a distribution of 87.61% of allowed claims.

8.   Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $400.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $400.00.

9.   Debtor filed her bankruptcy petition pro se and did not report any payments to counsel or a bankruptcy petition preparer. Notwithstanding these representations, Counsel was utilized, but according to that attorney, nothing was charged for the bankruptcy services. Counsel did provide post petition services to the Debtor and accepted property of the estate for those services, however. These funds were turned over to the estate and are being utilized to issue a distribution to creditors herein.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated: June 23, 2008         By: /s/
                                           DEBORAH K. EBNER, Trustee
                                           11 EAST ADAMS STREET /SUITE 800
                                           CHICAGO, IL 60603